UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WILLIAM SABATH,

                *Plaintiff*,

– against –

HALEON US Inc.,

                *Defendant*.

**MEMORANDUM & ORDER**
24-cv-08608 (NCM) (SDE)

**NATASHA C. MERLE**, United States District Judge:

Plaintiff William Sabath moves to remand this case to New York state court under 28 U.S.C. § 1447 on the ground that this Court lacks subject-matter jurisdiction. Plaintiff argues that the suit does not satisfy the elements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), the sole basis on which defendant Haleon US Inc. asserts that the Court has jurisdiction. For the reasons stated below, the Court finds that it lacks subject-matter jurisdiction. Plaintiff's motion to remand is accordingly **GRANTED**.

## BACKGROUND

In August 2024, plaintiff brought a putative class action against defendant in Kings County Supreme Court. Compl., ECF No. 1-1. The suit alleged that the labeling of defendant's raspberry flavored "Emergen-C" fizzy drink mix misled plaintiff and other consumers in violation of New York General Business Law ("GBL") §§ 349 and 350. Compl. ¶¶ 103–126.

In December 2024, defendant removed the lawsuit to the United States District Court for the Eastern District of New York, asserting that this Court had jurisdiction over the case under CAFA. *See* Notice of Removal, ECF No. 1. CAFA provides a statutory grant

of federal court jurisdiction over class actions where the number of putative class members is 100 or greater, minimal diversity exists between the putative class and the defendant, and the amount in controversy exceeds $5 million, not counting interest and costs. 28 U.S.C. § 1332(d).

In April 2025, plaintiff moved to remand the case to state court on the basis that the amount in controversy does not exceed $5 million. Mem. in Supp. of Mot. to Remand ("Mot."), ECF No. 15. Defendant opposed, arguing that the amount in controversy clears the $5 million threshold if certain potential statutory penalties and treble damages are included in the calculation. Mem. of Law in Opp'n to Mot. to Remand ("Opp'n") 1–2, ECF No. 17.[1] Because the parties agree that the putative class contains more than 100 members, that minimal diversity is satisfied, and that there is no other potential basis for federal court jurisdiction other than CAFA, the sole issue presented is whether these statutory penalties or treble damages count toward the amount in controversy for purposes of CAFA.

## STANDARD OF REVIEW

A defendant sued in state court may remove to federal court any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Under CAFA, federal district courts have "original jurisdiction of any civil action in which the matter in controversy exceeds . . . $5,000,000, exclusive of interest and costs," and is a class action with 100 or more class members and at least one plaintiff class member with citizenship "of a State different from any defendant." 28 U.S.C. § 1332(d). The "claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(6).

---

[1]    Throughout this Order, page numbers for docket filings refer to the page numbers stamped on the document's ECF header.

The "party seeking removal bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 327 (2d Cir. 2011).[2] To satisfy this burden, the party "must show that it appears to a reasonable probability that the aggregate claims of the plaintiff class are in excess of $5 million." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58 (2d Cir. 2006).

## DISCUSSION

For purposes of evaluating jurisdiction, the parties do not dispute any of the relevant facts. The parties agree that defendant sold raspberry flavored "Emergen-C" fizzy drink mix ("the product") in the state of New York during the putative class period, that sales exceeded 300,000 units of the product, that the putative class is comprised of more than 10,000 individuals who purchased the product, and that aggregate sales of the product to putative class members during the period were approximately $3 million. Decl. of John Neufeld, ¶¶ 3–4, ECF No. 1-3; Mot. 7–8.

Under GBL sections 349 and 350, a prevailing plaintiff is entitled both to his actual damages as well as statutory penalties of up to $550 per violation, or, in the alternative, an award of treble actual damages if the plaintiff proves a willful or knowing violation. NY Gen. Bus. §§ 349(h), 350-e(3); *see also Kim v. Trulia, LLC*, No. 19-cv-06733, 2021 WL 8743946, at *4 (E.D.N.Y. Mar. 31, 2021) (explaining that the statutory penalty is $50 per violation of § 349 and $500 per violation of § 350 and that plaintiffs are entitled to recover under both statutes). Actual damages in this case would total, at most, approximately $3 million, corresponding to the amount of aggregate sales. If statutory penalties applied for the putative class, the potential recovery would include a further $550 per class member

---

[2] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

multiplied by at least 10,000 class members, totaling an additional $5.5 million, or even more if the class were to establish a willful or knowing violation of the GBL and qualify for treble damages. This sum of actual damages plus statutory penalties, around $8.5 million (or more), would clear the $5 million amount-in-controversy threshold for jurisdiction under CAFA.

Plaintiff points out in his motion to remand, however, that New York's Civil Practice Law and Rules ("CPLR") include a provision—CPLR 901(b)—that explicitly bars state court class actions that seek recovery of statutory penalties or treble damages for GBL § 349 and GBL § 350 claims. In state court, only plaintiffs suing as individuals are eligible to recover anything beyond actual damages. *See* CPLR 901(b). Presumably because of this limitation, when plaintiff filed the instant class action complaint in state court, the complaint did not seek statutory penalties or treble damages under GBL sections 349 and 350. *See* Compl. 26–31 (making no mention of statutory or treble damages). For that reason, plaintiff argues that the statutory penalties and treble damages that the complaint is not seeking—and indeed, could not seek—are not relevant to calculating the amount in controversy for the instant suit. Mot. 13–15.

Defendant counters by pointing out that CPLR 901(b) does not apply to class actions in *federal court* seeking recovery for violations of GBL § 349 and GBL § 350, and now that the case has been removed, plaintiffs litigating these state law claims in federal court no longer face a prohibition on pursuing the statutory penalties or treble damages on a class-wide basis. Opp'n 5; *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) (holding that CPLR 901(b) does not prevent plaintiffs from pursuing statutory penalties or treble damages on a classwide basis in federal court). For that reason, defendant argues that the potential statutory damages are properly counted as part

4

of the amount-in-controversy for purposes of CAFA now that the action has been removed to federal court.

The Court finds that plaintiff has the better argument. Within the past year, four other district courts within the Second Circuit have considered this identical issue and have unanimously found that statutory penalties that a state court class action complaint is not seeking—and indeed, could not have sought—are not part of the "amount in controversy" for purposes of CAFA. *See Ortiz v. Eagle Fam. Foods Grp. LLC*, No. 24-cv-09861, 2025 WL 951089, at *2–4 (S.D.N.Y. Mar. 28, 2025); *Melendez v. R.W. Garcia Co.*, No. 24-cv-09500, 2025 WL 1220903, at *5–6 (S.D.N.Y. Apr. 28, 2025); *Gay v. Walmart Inc.*, No. 25-cv-02326, 2025 WL 2602164, at *2–4 (S.D.N.Y. Sept. 8, 2025); *Solana v. Target Corp.*, No. 25-cv-00298, 2025 WL 2783563, at *1–3 (E.D.N.Y. Sept. 30, 2025).

The principal reason why plaintiff is correct is that the amount in controversy for purposes of subject-matter jurisdiction is calculated at the time the lawsuit is filed. *See Solana*, 2025 WL 2783563, at *1–2; *see also Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) ("[W]e measure the amount in controversy as of the date of the complaint."). There are two types of factors relevant to determining subject-matter jurisdiction: those that are fixed at the outset of the suit and those that are reevaluated upon a relevant change. Factors relevant to jurisdiction that concern "facts on the ground," such as the citizenship of each party, are evaluated only at the time that a suit is initially brought. *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 36 n.5 (2025) (citing *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473 (2007)). By contrast, factors relevant to jurisdiction such as "the claims and parties that the plaintiff includes in a complaint" are evaluated both at the initiation of the case and throughout the lawsuit's course. *Id.* The amount-in-controversy more concerns "a fact on the ground—that is, the

5

value of a suit—than it does the plaintiff's selection of claims and parties." *Id.* at 38 n.8. "In other words, the relevant time for determining the amount in controversy is only at the suit's outset." *Solana*, 2025 WL 2783563, at *1 (quoting *Royal Canin U.S.A., Inc.*, 604 U.S. at 38 n.8).

The instant suit was initiated by the filing of a class action complaint in state court where the maximum amount recoverable by the class, roughly $3 million, fell below the $5 million threshold necessary for CAFA jurisdiction. *See* 28 U.S.C. § 1332(d). Damages that the complaint did not seek and could not have sought played no role in the value of the suit at the moment of its initiation. Defendant's removal of the suit, if successful, would have eliminated the bar on statutory penalties established by CPLR 901(b), but this would not in turn alter the number considered the "amount-in-controversy" of the suit for purposes of subject-matter jurisdiction under CAFA. That number has been fixed since the filing of the complaint.

Defendant's only meaningful argument that the Court should hold otherwise is to cite a single district court case that included statutory damages in calculating the amount in controversy for purposes of CAFA. *See* Opp'n 5–7 (citing *Andersen v. Walmart Stores, Inc.*, No. 16-cv-06488, 2017 WL 661188 (W.D.N.Y. Feb. 17, 2017)). But *Andersen* did not engage with CPLR 901(b), and every court to examine *Andersen*'s reasoning has found it unpersuasive. *See, e.g.*, *Ortiz*, 2025 WL 951089, at *4 n.4 ("[T]he Court is not persuaded by the single removal case upon which [the] [d]efendant relies, *Andersen v. Walmart Stores*[.]"); *Gay*, 2025 WL 2602164, at *4 n.3 ("I am not persuaded by *Andersen*'s inclusion of statutory damages in the amount in controversy."). Moreover, "*Andersen* . . . does not appear to have considered[] whether the amount in controversy was properly determined when the plaintiff's lawsuit was filed in state court or upon its removal to

6

federal court. That is unsurprising, because the parties in *Andersen* did not brief that question, and they did not call the court's attention to the fact that statutory damages would have been unavailable for plaintiff's class claim in state court." *Solana*, 2025 WL 2783563, at *2. Given that *Anderson* did not engage with two determinative issues necessary to resolve the question presented here, and given that other district courts examining *Anderson* have likewise found it unpersuasive, this Court similarly declines to adopt defendant's position solely because of *Anderson*. *See id.*

Defendant has not asserted any other basis for federal court jurisdiction other than CAFA. Nor has defendant put forward any arguments that the amount in controversy exceeds $3 million without factoring in the statutory penalties for which the complaint as filed was ineligible. Accordingly, the Court lacks subject-matter jurisdiction over the suit and the case must be remanded to state court.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is granted.

**SO ORDERED.**

                                                */s/ Natasha C. Merle*
                                                NATASHA C. MERLE
                                                United States District Judge

Dated:       October 23, 2025
                Brooklyn, New York